UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy D. Meggs, Jr., # 277400, | ) | C/A No. 4:11-1069-TLW-JDA |
| *a/k/a Jimmy Donald Meggs, Jr.,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Frances Bakis-Ray, in her individual and official | ) | |
| capacities, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Jimmy Donald Meggs, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint should be dismissed for failure to state a claim on which relief may be granted.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court,

2

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff was convicted by a jury of two counts of engaging a child for sexual performance and two counts of contributing to the delinquency of a minor on August 9, 2001, in the Florence County Court of General Sessions. *See Meggs v. Knowlin*, C/A No. 8:10-1774-TLW-JDA (D.S.C.) [R and R, April 28, 2011, ECF No. 48].[2] Plaintiff alleges that he was wrongfully convicted of the two counts of engaging a child for sexual performance in violation of S.C. Code Ann. § 16-3-810 (1976). Compl. 3-4. Plaintiff alleges that he filed a direct appeal of his conviction, and the South Carolina Court of Appeals affirmed his conviction. Compl. 3. Plaintiff alleges that he filed a petition for a writ of certiorari to the South Carolina Supreme Court, which denied the writ. *Id.* Plaintiff alleges that he filed an application for post-conviction relief ("PCR"), and that a hearing was held before Judge Russo where testimony was taken. *Id.* Plaintiff alleges that he filed an appeal from the denial of his PCR application, and it appears that someone requested a transcript of the PCR hearing. Plaintiff alleges that the transcript of his PCR hearing is inaccurate. Specifically, for example, Plaintiff alleges that his former counsel, Redmond, conceded in the PCR hearing that he did not know what the statute (S.C. Code Ann. § 16-3-810) meant, but presumably the transcript does not reflect that. Compl. 4. Plaintiff alleges that,

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

pursuant to the South Carolina Rule of Appellate Procedure 607(i), he timely requested the

tape and back-up tape from his PCR hearing so that he could contest the accuracy of the

transcript.  Compl. 3.  Plaintiff attached as an exhibit, Defendant's October 12, 2008, letter

to Plaintiff, which indicated Defendant had "misplaced" the tape and prepared the transcript

"by the use of my steno notes alone" and that "there is no tape."  Compl. Ex. 1-1.

Defendant also wrote to Plaintiff, "[i]f you can help me by informing me what your problem

is with the transcript I can proceed to see if I can help you."  *Id.*  Also, Plaintiff alleges that

Judge Russo, who presided over Plaintiff's PCR hearing, was biased against Plaintiff and

should have recused himself.  Compl. 5.  Plaintiff seeks the following relief: "...

$2,500,000.00, and a reversal on the first PCR hearing as to allow a neutral judge to hear

my case to have a hearing and retain the tapes so that the record can be verified for

accuracy.  So that a meaningful appeal can go up to the South Carolina Supreme Court

for consideration."  Compl. 6.

Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this

Court on July 8, 2010, wherein he attacks his conviction entered in the Florence County

Court of General Sessions on August 9, 2001.  *See Meggs v. Knowlin*, C/A No. 8:10-1774-

TLW-JDA (D.S.C.) [ECF No. 1, 48].[3]  Plaintiff's § 2254 action is pending.  *Id.*

<u>Discussion</u>

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source

of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

---

[3] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases.
*See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting
that the District Court clearly had the right to take notice of its own files and records).

4

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liberally construed, Plaintiff seems to allege a constitutional violation of his right to due process and to meaningful access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008).  However, Plaintiff's allegations about Defendant's conduct does not allege any deliberate indifference.  It is alleged that Defendant refused to send Plaintiff the tapes of Plaintiff's PCR hearing because Defendant had "misplaced" the tapes.  Plaintiff's Exhibit reveals that Defendant wrote to Plaintiff, "[i]f you can help me by informing me what your problem is with the transcript I can proceed to see if I can help you."  Thus, it appears that Defendant offered to check on the problem with the transcript if Plaintiff would tell her the problem.  Plaintiff does not allege that he then wrote to Defendant asking her to check about Redmond's testimony but Defendant refused.  Defendant's offer to help Plaintiff is not deliberate indifference interfering with Plaintiff's ability to obtain an accurate transcript, and Defendant's losing the tapes is an allegation of carelessness, not deliberate conduct such as destroying the tapes on purpose.  It is well settled that negligence, in general, is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986);

5

*Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it."  *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient).  Some courts have recognized a § 1983 claim based on the deliberate actions of court reporters.  *See Grate v. Babb*, C/A No. 4:08-3626-HMH-TER, 2010 WL 4000465, at *3 (D.S.C. Sept. 20, 2010), *adopted by*, 2010 WL 3998735 (D.S.C. Oct. 12, 2010).  However, "innocent errors, even if negligent" do not subject court reporters to liability under § 1983.  *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).  Thus, Plaintiff failed to state a cognizable claim of deliberate indifference against Defendant Bakis-Ray, who is alleged to have been negligent at most.

Plaintiff's request that this Court reverse the first PCR state court hearing and order that a neutral judge (other than Judge Russo) hear the PCR action is in the nature of mandamus relief.  *See e.g., United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007).  That is, Plaintiff requests that this Court order a state official to take certain action.  However, the United States District Court does not have jurisdiction to grant mandamus relief against state officials.  *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, No. 08-1788, 2008 WL 5207317, at *1 (4th Cir. December 12, 2008).  Accordingly, to the extent this action seeks a writ of mandamus against a South Carolina judge (who is not even a

defendant in this action), it should be dismissed for failure to state a claim upon which relief may be granted.

Lastly, to the extent Plaintiff requests that this Court reverse his first PCR hearing, this may be a request for a writ of habeas corpus. Plaintiff already has pending in this Court a habeas action pursuant to § 2254 wherein Plaintiff may raise all grounds for relief related to his arguments why his state conviction should be vacated. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970) (finding that the district court had the right to take notice of its own files and records and it had no duty to grind the same corn a second time -- once was sufficient).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**


<u>s/Jacquelyn D. Austin</u>
Jacquelyn D. Austin
United States Magistrate Judge

May 19, 2011
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).